**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** | **Case No. 13-34095-KRH** |
| **Laura Apostolov Balzer**<br>**2429 Gobbler Ridge Rd**<br>**Powhatan, VA  23139** | **Chapter 11** |
| Tax ID / EIN: xxx-xx-2963 | |
| **Debtor.** | |

**NOTICE OF MOTION TO CONVERT OR DISMISS CASE
AND NOTICE OF HEARING**

PLEASE TAKE NOTICE that the United States Trustee has filed with the Court a Motion to Convert or Dismiss Case (the "Motion").

<u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney, if you have on in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one).  Under Local Bankruptcy Rule 9013-1, unless a written response to the Motion is filed with the Clerk of Court and served on the moving party within seven (7) days prior to the date set for a hearing on this matter, the Court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the relief requested.

The hearing will be held before The Honorable Judge Kevin R. Huennekens in Courtroom 5000, United States Courthouse, 701 East Broad Street, Richmond, Virginia 23219 on October 5, 2016 at 12:30 p.m.  The Court will send out separate notice of this hearing.

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then within seven (7) days prior to the date set for a hearing on this matter, you or your attorney must:

( X )   File with the Court, at the address shown below, a written response with supporting memorandum pursuant to Local Bankruptcy Rule 9013-1.  You must mail or

otherwise file it early enough so that the Court will receive it on or before the due date identified herein.

>Clerk of Court
>United States Bankruptcy Court
>701 East Broad Street – Suite 4000
>Richmond, VA 23219

You must also mail a copy to:

>Robert B. Van Arsdale, Esquire
>Assistant U.S. Trustee
>Office of the U.S. Trustee
>701 East Broad Street - Suite 4304
>Richmond, VA 23219

If you, or your attorney, do not take these steps, the Court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the requested relief without further notice or hearing.

>Judy A. Robbins
>United States Trustee
>Region Four
>
>/s/ Robert B. Van Arsdale
>Robert B. Van Arsdale

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2016, a copy of the U.S. Trustee's Motion to Convert Case was served via electronic delivery on all parties receiving electronic notice and/or first class U.S. mail, postage prepaid on all parties listed below:

Laura Apostolov Balzer
2429 Gobbler Ridge Rd
Powhatan, VA  23139

>/s/Robert B. Van Arsdale
>Robert B. Van Arsdale

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

In re:

| | |
|---|---|
| **Laura Apostolov Balzer** | Case No. 13-34095-KRH |
| Debtor | **Chapter 11** |

**MOTION OF THE UNITED STATES TRUSTEE
TO CONVERT OR DISMISS CASE**

Judy A. Robbins, U.S. Trustee for Region Four (the "U.S. Trustee"), by counsel, respectfully requests that this Court enter an Order converting this case pursuant to § 1112(b), 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), or dismissing this case, and, in support thereof, states as follows:

1. Laura Apostolov Balzer (the "Debtor") filed a chapter 11 bankruptcy petition on July 29, 2013.

2. The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. The United States Trustee files this motion in furtherance of his duties and responsibilities pursuant to 28 U.S.C. § 586 and Bankruptcy Code § 307.

4. Section 1112(b)(1) of the Bankruptcy Code states in relevant part:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or

>       dismiss a case under this chapter, whichever is in the best interest
>       of creditors and the estate, for cause unless the court determines
>       that the appointment under section 1104(a) of a trustee or an
>       examiner is in the best interests of creditors and the estate.  11
>       U.S.C. § 1112(b) (2013).

5. Pursuant to Bankruptcy Code § 1112(b)(4)(F), "cause" includes "unexcused failure to satisfy timely any reporting requirement established by this title or by any rule applicable to a case under this chapter:" §1112(b)(4)(F )(2016)

6. The debtor has failed file Monthly Operating Reports for October 31, 2014 through June 30, 2016.  Without current financial information it is not possible to determine if the debtor is current on her chapter 11 plan payments

7.  Pursuant to Bankruptcy Code § 1112(b)(4)(K), "cause" includes " failure to pay any fees or charges required under chapter 123 of title 28: " §1112(b)(4)(K )(2016).

8.  The debtor is delinquent in her quarterly fee payments.  The estimated fees due for the fourth quarter 2015 through the second quarter of 2016 are $1,306.15.

9. Pursuant to Bankruptcy Code § 1112(b)(4)(M), "cause" includes "inability to effectuate substantial consummation of a confirmed plan." §1112(b)(4)(M )(2016).

10.  The debtor's plan was confirmed on October 21, 2014.  To date substantial consummation has not occurred.

11. If the U.S. Trustee establishes that cause exists to dismiss or convert, the burden then shifts to the Debtors to prove a defense.  If they not, the case must be dismissed or converted. Relief is mandatory, unless the Debtors meet their burden under section 1112(b)(2).  *See generally In re Skeen, Goldman LLP*, 2007 WL 4556683, 3 (Bankr.D.Md. Dec 20, 2007)[1].

12.   The Debtors' failure to file monthly operating reports is detrimental to the chapter 11 process.  As the Court explained in *In re Whetten*, 473 B.R. 380, 383–84 Bankr.D.Colo.2012):

> Monthly reports and the financial disclosures contained within them "are the life-blood of the Chapter 11 process" and are more than "mere busy work." *Matter of Berryhill*, 127 B.R. 427, 433 (Bankr.N.D.Ind.1991). Without these reports, the UST and creditors cannot determine when a Debtors is incurring additional losses, is rendered administratively insolvent, or is transferring assets without authorization. The reporting requirements provide the primary means for monitoring the Debtor's compliance with the Code's requirements and they serve as a litmus test for a Debtor's ability to reorganize. Thus, non-compliance is not a "mere technicality." *In re Ronald Kern & Sons*, 2002 WL 1628908, at *1 (W.D.N.Y. June 11, 2002).... If a Debtors does not fulfill this basic obligation during the Chapter 11 case, when it knows it will have to come before the court on any number of occasions, how can the creditors have any confidence that the Debtors will timely and accurately report its income and make the required distributions under its plan, when the court and the UST are no longer monitoring the case? Consequently, the "importance of [filing] ... monthly report[s] cannot be over-emphasized." *In re Myers*, 2005 WL 1324019, at *2 (10th Cir. BAP May 25, 2005). A Debtor ignores this basic duty at its own peril.

*Id*. And see *In re Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 716–17 (Bankr. D. Md. 2011)(late filing of catch-up monthly reports does not "satisfactorily explain or excuse failure to satisfy [a Debtor's] duties as a chapter 11 Debtors.").

13. Based on the foregoing, the United States Trustee is entitled to an order converting this case to a case under Chapter 7 of the Bankruptcy Code or dismissing this case.

WHEREFORE, the United States Trustee moves this Court to convert this case or to dismiss it, as the best interest of creditors and the estate dictate. It is further respectfully requested that, if this case is converted to one under Chapter 7, the automatic dismissal provisions of the local rules not apply to this converted case, and that failure of the Debtors to abide by the terms of the Conversion Order result in the issuance of an Order to Show Cause directed at the Debtors. It is also respectfully requested that, insofar as this objection presents no novel legal concepts, and the basis of the objection is found in the pleading itself, the Court waive the requirement for a separate memorandum of law in support of this objection as provided for in Local Rule 9013-1(G).

Respectfully submitted,

JUDY A. ROBBINS
UNITED STATES TRUSTEE
REGION FOUR

By: /s/Robert B. Van Arsdale

Robert B. Van Arsdale
Assistant United States Trustee

## CERTIFICATE OF SERVICE

I certify that on August 26, 2016 service on all attorney Users in this case was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management/Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09., and via first-class U.S. mail, postage prepaid, on:

Laura Apostolov Balzer
2429 Gobbler Ridge Rd
Powhatan, VA  23139

/s/ Robert B. Van Arsdale
Robert B. Van Arsdale